FILED
2023 Nov-30  PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER N. JONES,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:22-cv-00875-RDP** |
| | } | |
| **RICHARD K. RICHARDSON, et al.,** | } | |
| | } | |
| **Defendants.** | } | |
| | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendants' Motion for Partial Summary Judgment. (Doc. # 15). The Motion has been fully briefed (Docs. # 15, 17, 18, 20) and is properly under submission. After careful review, and for the reasons discussed below, the court concludes that Defendants' Motion for Partial Summary Judgment (Doc. # 15) is due to be granted in part and denied in part.

## I.    Factual Background[1]

This case arises out of a traffic accident that occurred when Defendant Richard Richardson ("Richardson") was operating a tractor-trailer while employed with Defendant Rocking C Truck Lines, Inc. ("Rocking C"). (Doc. # 17 at 4). On November 22, 2021, Richardson was driving a 2016 Mack Tractor Trailer along I-59/I-20 from Picayune, Mississippi to Jasper, Tennessee. (Doc. # 1-1; Doc. # 18 at 2). After stopping in Meridian, Mississippi, Richardson began using his wireless earbuds to listen to a news media broadcast. (Doc. # 15-3, p. 77-80). While traveling on I-459,

---

[1] The facts set out in this section are gleaned from the parties' submissions and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party, although factual disputes are acknowledged. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

Richardson's earbuds began to cut out as they lost charge. (*Id.*, p. 88). As a result, Richardson proceeded to switch from listening to the broadcast through his earbuds to listening through the truck stereo system. (*Id.*, p. 88-92). This required Richardson to remove the earbuds, place them in a case for storage, and turn the radio to the correct input station so it would connect to his cell phone. (*Id.*).

A dashcam was located on Richardson's truck, which recorded both the driver and the view in front of the truck. (Doc. # 19). The twelve-second footage shows that about eight seconds before colliding with Plaintiff, Richardson alternated between looking down at the stereo system in the truck and looking at the road ahead of him.[2] (*Id.* at 00:00-00:08). In those eight seconds, Richardson looked at the road twice for less than a second each time. (*Id.*). During most of the video footage, Richardson was looking down at the truck's stereo system. (*Id.*). Richardson became aware of Plaintiff in front of him about one second prior to the collision. (*Id.* at 00:07).

At the time of the accident, there were clear skies, and traffic on I-459 was low to moderate, allowing Richardson to travel at 67 miles per hour in a 70 miles per hour zone. (Docs. # 19; 15-3, p. 86). Richardson testified that he was wearing his glasses and could see the road in front of him for about half a mile clearly. (*Id.*, p. 93-94). Richardson was not tested for alcohol on the date of the accident, but there is no evidence in the record that Richardson consumed any alcohol prior to the accident. Richardson took a drug test the morning after the accident, which came back negative. (Doc. # 17 at 7).

---

[2] Plaintiff alleges in his Complaint that Richardson "was negligent/wanton in texting while driving." (Doc. # 1 ¶ 13). However, in his response to Defendants' motion, Plaintiff alleges that Richardson was "manipulating certain buttons and/or dials on his truck stereo." (Doc. # 18 at 2). The record supports, and Defendants do not dispute, these factual allegations as referenced in Plaintiff's response.

Richardson obtained his Commercial Driver's License ("CDL") in 1991 after completing a nine-week truck driving course and four weeks of experiential training. (Doc. # 15-3, p. 14-15). His CDL has never been suspended or revoked. (Doc. # 17 at 4). Throughout his career, Richardson drove a commercial vehicle for eleven different companies between 1991 and 2021, including a brief period with Rocking C prior to his most recent employment there. (*Id.*, p. 16-37). During his second stint of employment with Rocking C, he had one prior accident in 2007, which resulted in Richardson receiving a failure to change lanes citation. (*Id.*, p. 31-35). He was found not responsible for the accident. (*Id.*). Richardson has tested positive for marijuana twice throughout his career – once under a previous employer in 2005 and once before his second employment stint with Rocking C. (*Id.*, p. 55-62). Richardson also received a DUI in 1995 which resulted in his personal driver's license being suspended. (*Id.*, p. 39). The only other citations Richardson received during his truck driving career involved log violations. (*Id.*, p. 39-41).

## II.     Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56 requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c), a plaintiff may not simply rest on the allegations made in the complaint; instead, as the party bearing the burden of proof at trial, he must come forward with at least some evidence to support each element essential to his case at trial. 477 U.S. at 248, 252 ("[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'") (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."

4

*Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

The Eleventh Circuit has interpreted *Celotex* to require that, as to issues on which the movant would bear the burden of proof at trial,

> [the movant] must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

*Fitzpatrick*, 2 F.3d at 1115 (quoting *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

## III.   Analysis

Plaintiff asserts the following five claims in his Complaint: (1) Negligence and Wantonness against Richardson in Count One; (2) Respondeat Superior liability against Rocking C as to negligence and wantonness in Count Two; (3) Negligent/Wanton Maintenance, Operation, Service and/or Repair against Rocking C in Count Three; (4) Negligent/Wanton Hiring, Training, Supervision, and/or Retention against Rocking C in Count Four; and (5) Negligent/Wanton Entrustment against Rocking C in Count Five. (Doc. # 1-1). As a federal court sitting in diversity jurisdiction, Plaintiff's substantive legal claims are evaluated under Alabama law. *See Shady*

*Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

In their Motion for Partial Summary Judgment, Defendants challenge Plaintiff's claims on four grounds. First, they argue Counts One and Two should be limited to a negligence claim because Plaintiff has produced no evidence (or, at least, has not produced substantial evidence) of wantonness. Second, Defendants contend the negligent and wanton entrustment claim in Count Five fails because to advance such a claim the agency relationship must be disputed, but it is not in this case. Third, they argue that Plaintiff has failed to present substantial evidence to support any hiring, supervision, training, or retention claim included in Counts Four and Five. Finally, they claim Plaintiff has not established a question of fact regarding the claim of negligent and wanton maintenance, operation, service and/or repair in Count Three.

Plaintiff concedes that summary judgment is due to be granted in favor of Defendant Rocking C as to Counts Three and Five. Accordingly, the contested question this court must address is whether summary judgment is due to be granted in favor of Defendants on (1) the wantonness claims asserted in Counts One and Two and (2) the claim for negligent/wanton hiring, training, supervision, and/or retention in Count Four. The court addresses the remaining defenses in turn.

### A.      Counts One and Two - Wantonness

Under Alabama law, wantonness is defined as "conduct which is carried on with a *reckless* or *conscious* disregard to the rights or safety of others." Ala. Code § 6-11-20(b)(3) (emphasis added). In other words, wantonness requires "'the conscious doing of some act or the omission of some duty while knowing of the existing conditions <u>and</u> being conscious that, from doing or omitting to do an act, injury will likely or probably result.'" *Lands v. Ward*, 349 So. 3d 219, 229

(Ala. 2021) (quoting *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007)). "While negligent conduct is characterized by 'inattention, thoughtlessness, or heedlessness' and 'a lack of due care,' wantonness is characterized by 'a conscious act.'" *Jenkins v. XPO Logistics Supply Chain, Inc.*, 2020 WL 1876088, at *1 (N.D. Ala. Apr. 15, 2020) (quoting *Monroe v. Brown*, 307 F. Supp. 2d 1268, 1271 (M.D. Ala. 2004)); *Craft v. Triumph Logistics, Inc.*, 107 F. Supp. 3d 1218, 1220 (M.D. Ala. 2015)). To act with wantonness, a defendant need not "entertain[] a specific design or intent to injure the plaintiff," but rather a defendant must be "'conscious' that injury will likely or probably result from his actions." *Essary*, 992 So. 2d at 9 (citing *Joseph v. Staggs*, 519 So. 2d 952, 954 (Ala. 1988)).

Although "wantonness is [generally] a question of fact for the jury," such a claim cannot survive a Rule 56 challenge if "there is a total lack of evidence [and no genuine dispute of material fact] from which the jury could reasonably infer wantonness." *Cash v. Caldwell*, 603 So. 2d 1001, 1003 (Ala. 1992). "The most crucial element of wantonness is knowledge, and while that element need not be shown by direct evidence it may be made to appear by showing circumstances from which the fact of knowledge is a legitimate inference…[I]t may not be left to the conjecture or speculation of the jury." *Roberts v. Brown*, 384 So. 2d 1047, 1048 (Ala. 1980).

### 1.    Defendant Richardson

Plaintiff argues that Richardson's behavior immediately before the accident should be classified as wanton. Although the parties seem to agree on the details (i.e., the material facts) of Richardson's actions prior to the accident, Defendants dispute whether a reasonable jury could find his conduct to be "wanton."

Wantonness is not established "merely on the ground of distracted driving." *Tutor v. Sines*, No. 1210037, 2023 WL 2054060, at *4 (Ala. Feb. 17, 2023) (citing *George v. Champion Ins. Co.*,

591 So. 2d 852 (Ala. 1991)). "But evidence of distracted driving can be evidence of wantonness when the distraction results from the conscious doing of some act or the omission of some duty." *Id.* (internal citations omitted). An error in driving judgment is not tantamount to wantonness. *Brannon v. Swift Transp. Co. of Ariz.*, 2021 WL 5989145, at \*10 (M.D. Ala. Dec. 17, 2021) (quoting *Waters v. Hall*, 2021 WL 770415, at \*10 (S.D. Ala. Feb. 26, 2021)). Rather, "[w]antonness requires more than a mere showing of some form of inadvertence on the part of the driver; it requires a showing of some degree of conscious culpability." *Scott v. Villegas*, 723 So. 2d 642, 643 (Ala. 1998).

As to the wantonness claim against Richardson, a reasonable jury could find that his behavior, which Plaintiff contends led to the accident, was "wanton." While trying to change to an audio feed to play over his truck's system, Richardson averted his eyes from the road multiple times during an almost eight second time period. A jury could find that this was not merely distracted driving or some form of inadvertence, but a conscious decision to look away from the road while driving to engage with the stereo system in the truck. *See Tutor*, 2023 WL 2054060, at \*4 ("[A]ctive phone use like texting, browsing the Internet, or engaging with a music app is qualitatively different from distractions that are not the result of a conscious act or that arise from an inadvertent reaction to some external event or stimulus."); *see also T&J White, LLC v. Williams*, No. SC-2022-0480, 2022 WL 16847601, at \*2 (Ala. Nov. 10, 2022) (finding that the case did not involve "merely inadvertence or ill-advised attempts to dodge other vehicles" but rather the driver defendant consciously accelerated toward the plaintiff's vehicle). The court has no hesitation in concluding that looking away from the road to manipulate an entertainment system connected to an iPhone is materially different than a momentary distraction caused by waving at a person outside a car. *See Phillips ex rel. Phillips v. United States Auto. Ass'n*, 988 So. 2d 464, 470 (Ala.

8

2008) (finding that the passenger did not "put forward substantial evidence tending to show that [the driver] had 'knowledge and consciousness' that the likely result of momentarily waving to her friends was an automobile accident in which [the passenger] would be injured"). And, as the court determined in *Tutor*, engaging with a cell phone is a conscious choice which may support a finding of wantonness. 2023 WL 2054060, at *4 (finding that the driver petitioner's phone use was a "conscious choice" to support a finding of wantonness, for "[Petitioner] testified that she 'made the decision' to pick up and engage with her phone to change the song.").

Richardson made the conscious choice to change the audio settings on his truck stereo system to ensure the news broadcast would play over his truck speakers rather than her earbuds. And while doing so, he continuously took his eyes off the road while driving the truck on I-459. A jury could find he had the requisite knowledge that injury would likely result from his actions. (Doc. # 15-3, p.124-126)[3]. Therefore, a reasonable jury could determine that Richardson's behavior was wanton. Summary judgment is due to be denied as to this argument.

### 2.    Defendant Rocking C

Defendants argue that they are entitled to summary judgment as to the wantonness claim in Count Two because Plaintiff failed to provide sufficient evidence to show actionable wantonness by Richardson and by Rocking C vicariously. Although there is sufficient evidence to find *Richardson* acted wantonly, the Rule 56 record shows Rocking C is entitled to summary judgment on this issue.

---

[3] Defense counsel asked Richardson during his deposition: "If [I] were to tell you that there's been some studies out there that indicate that texting or using a cell phone while driving, because it involves visual concentration, auditory concentration, manual manipulation, and cognitive distraction, increases the risk of a driver being involved [in] a crash by 23 times, does that surprise you?" Richardson responded, "[N]o, it does not surprise me…It's always been my biggest fear."

Plaintiff's sole argument for sustaining his wantonness claim against Rocking C is rooted in the fact that Richardson was acting within his scope of employment at the time of the accident. While a reasonable jury could find Richardson's conduct to be wanton (for the reasons discussed above), a reasonable jury could not find Rocking C's conduct wanton. Nothing in Richardson's driving record would put Rocking C on notice that injury would result from allowing him to drive a vehicle. Additionally, there is no evidence in the record that shows Rocking C acted with conscious disregard that "injury [would] likely or probably result" by allowing Richardson to drive from Mississippi to Tennessee. *Essary*, 992 So.2d at 9. Therefore, summary judgment is due to be granted as to Plaintiff's wantonness claim in Count Two against Rocking C.

### B.    Count Four - Negligent Hiring, Training, Supervision, and/or Retention

Defendants next argue that summary judgment should be granted on Count Four because Plaintiff has presented no evidence to support a claim for negligent/wanton hiring, training, supervision, and retention. (Doc. # 17-22). The court agrees.

Under Alabama law, to prove a claim for negligent/wanton hiring, supervision, training, and retention, a plaintiff must demonstrate that the employee (or, in this case, the driver) was incompetent and that the defendant employer knew or should have known that the employee was incompetent. *See Voyager Ins. Cos. v. Whitson*, 867 So. 2d 1065, 1073 (Ala. 2003). In other words, if there is insufficient Rule 56 evidence to find that the employee driver was incompetent, then the claim fails. *See Askewv. R & L Transfer, Inc.*, 676 F. Supp. 2d 1298, 1304 (M.D. Ala. 2009) ("Because…no evidence in the record suggests that [the driver] was incompetent, [plaintiff's] claim of negligent supervision and training fails.").

In the context of this automobile accident, to survive summary judgment on a claim of negligent/wanton hiring, retention, training, and supervision, Plaintiff must produce evidence

showing that (1) Richardson was negligent, (2) the negligence occurred because Richardson was an incompetent driver, (3) Rocking C knew or reasonably should have known that Richardson was an incompetent driver, (4) Rocking C failed to exercise reasonable care in hiring, retaining, training, or supervising Richardson after being on notice that he was an incompetent driver, and (5) Rocking C's negligence was the proximate cause of the injuries suffered by Plaintiff. *See Jones Express, Inc. v. Jackson*, 86 So. 3d 298, 305 (Ala. 2010); *see also Brannon*, 2021 WL 5989145 at *11 (M.D. Ala. Dec. 17, 2021).

The Supreme Court of Alabama has defined incompetence in this context as "being unable or unqualified to do something." *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 415-16 (Ala. 2005) (citing Black's Law Dictionary). In Alabama, "'the incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle,' and this may be measured by characteristics such as 'general incompetence' or 'habitual negligence.'" *Green v. Markovitch*, 385 F. Supp. 3d 1190, 1197 (N.D. Ala. 2019) (quoting *Halford*, 921 So. 2d at 413-14; *Edwards v. Valentine*, 926 So. 2d 315, 322 (Ala. 2005)). Courts consider several factors to measure driver competence, such as: a driver's formal credentials, accident history, driving record, and whether a driver has a history of driving under the influence. *Hobbs v. U.S. Xpress, Inc.*, N. 7:18-cv-02129-LSC, 2021 WL 913398, *4 (N.D. Ala. Mar. 10, 2021). However, the law does not require the driver's record to be "completely free of mistake." *Askew*, 676 F. Supp. 2d at 1303.

Defendants concede that "[t]here is ample evidence of the potential negligence of Richardson in causing this accident," satisfying the first element. (Doc. # 17 at 10). However, the Rule 56 record shows that Richardson was competent to drive his commercial vehicle at the time of the accident. As discussed above, Richardson received his CDL in 1991 and has never had his CDL suspended or revoked. In the 20 years he has been a commercial driver, Richardson has had

11

one other accident for which he was deemed not at fault. Richardson has been charged with two DUIs in his life – one as a teenager and one in 1995, which resulted in the suspension of his personal driver's license. Richardson has tested positive for marijuana twice during his career as a commercial driver. However, there is no evidence in the record to show drug or alcohol use preceded this accident or in any way contributed to it.

The court finds that these "blemishes" on Richardson's record do not equate to incompetence under the law. *See Askew*, 676 F. Supp. 2d at 1303 (finding the driver was not incompetent with two moving violations and four minor accidents in his nine-plus years of driving experience with his employer); *see also Pryor v. Brown & Root USA, Inc.*, 674 So. 2d 45, 52 (Ala. 1995) (finding the driver was not incompetent with two speeding tickets and a suspended prosecution of a DUI charge in his ten years of experience). And, simply stated, this case is not in any way comparable to decisions finding incompetence. *See, e.g., Vasser v. Tezi Express, LLC*, No. 4:19-cv-1823-CLM, 2022 WL 19625, at *7 (N.D. Ala. Jan. 3, 2022) (finding a jury could infer incompetence from the driver receiving "a lot" of tickets; receiving a speeding ticket, citation for following too closely, and citation for a lane restriction violation within two years of the accident; receiving 28 traffic tickets while in his personal vehicle; having his driver's license suspended five times; and being involved in two accidents in his personal vehicle); *Hobbs,* 2021 WL 913398 at *4 (finding a jury could infer incompetence from two DUI convictions, four accidents in the two years preceding the accident in the case, admitted "dependency" on Xanax and Tramadol, and health issues days before the accident).

Because no evidence in the record suggests Richardson was incompetent at the time of the accident, Plaintiff's claim of negligent/wanton hiring, training, supervision, and retention against Rocking C fails. Accordingly, as "there is no genuine issue as to any material fact and [Rocking

C] is entitled to judgment as a matter of law," *Celotex Corp.*, 477 U.S. at 322, Rocking C is entitled to summary judgment on Count Four.

**IV.      Conclusion**

For the reasons discussed above, Defendants' Motion for Partial Summary Judgment (Doc. # 15) is due to be granted in part and denied in part. As to the wantonness claim in Count Two along with the claims in Counts Three, Four, and Five, summary judgment is due to be granted, and those claims are due to be dismissed. As to the wantonness claim in Count One, summary judgment is due to be denied.

An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this November 30, 2023.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE